

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00771-CV

**EPISD BOARD OF DIRECTORS**, Jorge Barrera, Hilda P. Martinez, Hector Alvarez, Glen Purcell, Christopher Hiller, Victor Perry, Ismael Mijares, and Samuel Mijares
Appellants

v.

Enriqueta **DIAZ**
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 24-08-43675-MCVAJA
The Honorable Amado Abascal, III Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice (not participating)
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: April 16, 2025

REVERSED

On August 5, 2024, Appellee Enriqueta Diaz ("Diaz") filed an "Emergency Petition for Writ of Election Mandamus" in the 365th Judicial District Court in Maverick County, Texas, against the EPISD Board of Directors: Jorge Barrera, President; Hilda P. Martinez, Vice President; Hector Alvarez, Secretary; Glen Purcell, Trustee; Christopher Hiller, Trustee; Victor Perry, Trustee; Ismael Mijares, Elections Administrator; and Samuel Mijares, Superintendent (the

"EPISD Board"). Diaz asserted the EPISD Board was violating Texas Education Code § 11.060 by failing to publicly open a vacant EPISD Board position for election, and sought a writ of mandamus compelling the EPISD Board to publicly open the vacant board position for election so eligible candidates could register in time for the next trustee election.[1]

On August 23, 2024, the EPISD Board filed an Answer and Plea to the Jurisdiction. However, their plea to the jurisdiction rested on a merits-based argument that Diaz had no right to select the method by which the EPISD Board filled the vacancy, asserting the Board was entitled to choose between appointing a person to fill the vacancy for the unexpired term and calling an election.

On September 30, 2024, the trial court heard Diaz's emergency mandamus petition and the EPISD Board's plea to the jurisdiction. On October 18, 2024, the trial court issued an order in which it denied the plea to the jurisdiction and granted Diaz's mandamus petition, ordering the vacant position be placed on the ballot—for the unexpired term—for the special election to be held on May 3, 2025. On November 7, 2024, the EPISD Board appealed from the trial court's order denying their plea to the jurisdiction and granting Diaz's mandamus petition.

On January 14, 2025, Diaz filed a motion for enforcement and for contempt with this Court, asserting appellants were failing to comply with the trial court's October 18, 2024 order. In their response to the motion, appellants asserted Diaz did not have standing to seek mandamus relief.[2]

---

[1] The position remained vacant after an EPISD Board of Trustees member passed away on April 1, 2024—one year and five months after being elected.

[2] Appellants also asserted the trial court did not have subject matter jurisdiction to grant Diaz's petition for mandamus relief, because only this state's supreme court and its courts of appeals have authority to grant mandamus relief pursuant to Texas Election Code section 273.061.

On January 22, 2025, this Court ordered the parties to file additional briefing addressing whether Diaz had standing to seek the relief granted by the trial court. Diaz filed a reply on January 29, 2025 and the EPISD Board filed a sur-reply on February 3, 2025.

**LEGAL STANDARD**

"A challenge to a party's standing is an attack on the party's ability under the United States and Texas Constitutions to assert a claim." *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 700 (Tex. 2021). "Lack of constitutional standing deprives the trial court of subject matter jurisdiction." *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 912 (Tex. 2023). "To show constitutional standing, a plaintiff must demonstrate that: (1) it suffered a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision is likely to redress the injury." *Id*., at 912–13.

"Without standing, a court lacks subject matter jurisdiction to hear the case." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Because standing is a component of subject matter jurisdiction, it cannot be waived. *See Lopez v. Morales*, No. 04-09-00476-CV, 2010 WL 3332318, at *3 (Tex. App.—San Antonio Aug. 25, 2010, no pet.) (mem. op.) "Thus, the issue of standing may be raised for the first time on appeal." *Austin Nursing Ctr., Inc.*, 171 S.W.3d at 849

"Generally, a citizen lacks standing to bring a lawsuit challenging the lawfulness of governmental acts." *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 7 (Tex. 2011). "Unless standing is conferred by statute, a plaintiff must demonstrate possession of an interest in a conflict distinct from the general public, such that the defendant's actions have caused the plaintiff some particular injury." W*illiams v. Guadalupe-Blanco River Auth.*, No. 04-20-00445-CV, 2021 WL 2814902, at *2 (Tex. App.—San Antonio July 7, 2021, pet. denied) (mem. op.) (citing *Williams v. Lara*, 52

S.W.3d 171, 178 (Tex. 2001)). "When a Texas appellate court reviews the standing of a party for the first time on appeal, it must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing." *Lopez v. Morales*, 2010 WL 3332318, at *3.

## ANALYSIS

Appellants assert Diaz did not have standing to seek mandamus relief in the trial court because she failed to allege a particularized injury distinct from the general public. We agree.

In her mandamus petition, Diaz asserts the EPISD Board is not complying with Texas Education Code section 11.060, which states:

> (a) If a vacancy occurs on the board of trustees of an independent school district, the remaining trustees may fill the vacancy by appointment until the next trustee election.

> (b) If the board is appointed by the governing body of a municipality, a trustee appointed by the governing body to fill a vacancy shall serve for the unexpired term.

> (c) Instead of filling a vacancy by appointment under Subsection (a) or (b), the board or municipal governing body may order a special election to fill the vacancy. A special election is conducted in the same manner as the district's general election except as provided by the Election Code.

> (d) If more than one year remains in the term of the position vacated, the vacancy shall be filled under this section not later than the 180th day after the date the vacancy occurs.

TEX. EDUC. CODE ANN. § 11.060.[3]

Diaz claims the board's alleged failure to follow section 11.060 is "capriciously denying eligible candidates to run for that position for the unexpired term of [the] deceased . . . ." In her request for relief Diaz asked the court to order the EPISD Board "to publicly open [the] vacant position so eligible candidates can register for that position before the last day of registration . . . ." Thus, the injury she asserts, and seeks redress for, belongs to potential candidates who were

---

[3] We do not address the merits of Diaz's claims. *See Venable v. Judkins*, No. 04-22-00573-CV, 2023 WL 4337708, at *5 (Tex. App.—San Antonio July 5, 2023, pet. denied) (mem. op.) ("The merits of a plaintiff's claims do not determine whether he has standing to assert the claim . . . .") (citation omitted).

purportedly unable to run for the vacant EPISD Board position, due to the EPISD Board's alleged failure to comply with section 11.060. However, Diaz's mandamus petition contains no factual allegations placing Diaz herself within this particular class of persons the EPISD Board is purportedly harming—potential candidates prevented from running for the vacant board position.

Diaz also claims the EPISD Board's alleged failure to open the vacant position for election "is denying the voters of Maverick County" their constitutional right to vote. This fails to allege that Diaz has a conflict with the EPISD Board distinct from that of the general public in Maverick County, Texas.

> [M]erely alleging that the government is violating the law does not invoke the courts' jurisdiction. Instead, the plaintiff must allege, and ultimately prove, that the government's conduct inflicts a concrete and particular injury *on the plaintiff* that is distinct from the undifferentiated injury to the public caused by unlawful government action.

*In re Hotze*, 627 S.W.3d 642, 648 (Tex. 2020) (Blacklock, J., concurring). *See also Williams v. Guadalupe-Blanco River Auth.*, No. 04-20-00445-CV, 2021 WL 2814902, at *2 (Tex. App.—San Antonio July 7, 2021, pet. denied) (mem. op.) (citing *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001)) ("Unless standing is conferred by statute, a plaintiff must demonstrate possession of an interest in a conflict distinct from the general public, such that the defendant's actions have caused the plaintiff some particular injury.").

This failure to allege a particularized injury is not saved by the Texas Education Code as Diaz has not identified any provision authorizing a private right of action for complaints concerning a school district's failure to follow section 11.60; nor have we found one.

> Unless standing is conferred by statute, taxpayers must show as a rule that they have suffered a particularized injury distinct from that suffered by the general public in order to have standing to challenge a government action or assert a public right.

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555–56 (Tex. 2000). Accordingly, Diaz has failed to establish standing to seek mandamus relief.

## CONCLUSION

Because Diaz does not have standing to assert these claims for relief, the trial court did not have jurisdiction to hear this matter. Because the trial court lacked jurisdiction, the order it issued was void and cannot be the basis for a motion for enforcement. Accordingly, we reverse the October 18, 2024 order of the trial court denying the EPISD Board's plea to the jurisdiction and granting Diaz's mandamus petition, and render judgment that the underlying matter be dismissed for lack of jurisdiction.

H. Todd McCray, Justice